UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Douglas Stielow,

Plaintiff

v.

Big Stone Cooperative,

Defendant

Civil No.: 00-2349 JRT/RLE

**STIPULATION TO AMEND COMPLAINT**
and ORDER

---

The parties to the above matter, by and through their counsel, hereby stipulate that Plaintiff is permitted to file his Amended Complaint as set forth in the attachment hereto.

Date: Feb. 6, 2001

Brian E. Cote, #218819
COTE LAW FIRM, LTD.
900 Midwest Plaza East
800 Marquette Avenue
Minneapolis, MN 55402
612-338-9709
Attorney for Plaintiff

Date: 2/6/01

Kerry L. Middleton, ~~#2262X~~ 226622x
MEAGHER & GEER, PLLP
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
612-338-0661
Attorney for Defendant

FILED FEB 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

IT IS SO ORDERED.

2/12/01

(10)

BY THE COURT:

Raymond L. Erickson
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Douglas Stielow,

Plaintiff

v.

Big Stone Cooperative,

Defendant

Civil No.: 00-2349 JRT/RLE

**AMENDED COMPLAINT**

---

Comes now Plaintiff Douglas Stielow for his Complaint who states and alleges as follows:

1. Plaintiff Douglas Stielow is an individual residing at 313 Atlantic Ave., Ortonville, Big Stone County, Minnesota.

2. Defendant BIG STONE COOPERATIVE ("Defendant") is a Minnesota cooperative with its registered office located at 209 N.W. First Street, Ortonville, Big Stone County, Minnesota. Defendant is in the business of selling agriculture supplies and equipment.

3. On or about February 1972, Defendant employed Stielow as a driver. Most recently, his duties involved delivery of propane to local customers, repair and maintenance of propane tanks and delivery systems, and sales of propane and other agriculture products.

4. At all times relevant herein, Stielow performed his duties at or above the level expected for his job.

5. On or about August 13, 1999, Stielow hurt his back while on the job at Defendant. Stielow filed a first report of injury pursuant to the workers' compensation statute and Defendant admitted the injury as work-related.

6. On or about November 26, 1999, Stielow aggravated his back injury while on the job at Defendant. Stielow filed a first report of injury, Defendant admitted the injury as work-related, and Stielow received medical care, wage replacement benefits, and vocational assistance pursuant to the workers' compensation statute.

7. On or about March 24, 2000, after taking time off from work to rest and undergo physical therapy, Stielow called Defendant's General Manager, Mel Domine, and requested to return to work.

8. On or about March 28, 2000, Domine advised Stielow by letter that he was not permitted to return to work as a driver or in any other capacity. Attached hereto as Exhibit A is a true and correct copy of Domine's letter. Through this letter, Defendant terminated Stielow's employment.

9. At the time Stielow sought to return to work, Defendant had work available for Stielow that he was capable of performing given his physical limitations.

10. Since Defendant terminated Stielow, he has worked as an over-the-road truck driver without complications, but at a lower rate of pay, without employee benefits, and less desirable work hours.

**COUNTS I AND II**

**ACTION FOR OBSTRUCTING EMPLOYEE SEEKING BENEFITS MINN. STAT. § 176.82**

11. Defendant, by and through the conduct of its agents and employees, discharged and threatened to discharge and intentionally obstructed Stielow who was seeking workers' compensation benefits in violation of Minn. Stat. § 176.82, subd. 1.

12. Defendant, by and through the conduct of its employees and agents, without reasonable cause, refused to offer continued employment to Stielow when employment was available within his physical limitations in violation of Minn. Stat. § 176.82, subd. 2.

13. As a proximate cause of Defendant's conduct, Stielow has incurred, and he will continue to incur, lost wages and benefits, mental anguish, pain and suffering, loss of career and enjoyment of life, humiliation, and other pecuniary and non-pecuniary damages in excess of $50,000.

## COUNT III

### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT OF 1993
### 29 U.S.C. §§ 2601, *et seq.*

14. Stielow's back injury constitutes a "serious health condition" within the meaning of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.*

15. Defendant, by and through its agents and employees, refused Stielow return to work and otherwise obstructed and interfered with Stielow in the exercise of his rights, including the right to 12 weeks of job protected leave and reinstatement to his former position after the leave, in violation of the FMLA.

16. As a proximate cause of Defendant's conduct, Stielow has incurred, and he will continue to incur, lost wages and benefits and other pecuniary damages in excess of $50,000.

## COUNT IV

### DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990

17. Stielow is a "qualified individual with a disability" within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*

18. Defendant, by and through its agents and employees, discriminated against and refused to provide reasonable accommodation to Plaintiff in violation of the ADA.

19. As a proximate cause of Defendant's conduct, Stielow has incurred, and he will continue to incur, lost wages and benefits, mental anguish, pain and suffering, loss of career and enjoyment of life, humiliation, and other pecuniary and non-pecuniary damages in excess of $50,000.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Judgment in excess of $50,000.
2. That Defendant reinstate Plaintiff to his former position.
3. That Defendant pay Plaintiff's reasonable attorney's fees and costs.
4. Such other and further relief the Court deems just, proper and equitable.

Date: Feb. 6, 2001

Brian E. Cote, #218819
COTE LAW FIRM, LTD.
900 Midwest Plaza East
800 Marquette Avenue
Minneapolis, MN 55402
(612) 333-9709
Attorney for Plaintiff

CENEX®

BIG STONE COOPERATIVE
P.O. BOX 362, CLINTON, MN 56225
320-325-5466 • MAIN OFFICE
320-839-6187 • ORTONVILLE
605-432-9884 • MILBANK

March 28, 2000

Big Stone Co-op
PO Box 362
Clinton MN 56225

Doug Stielow
313 Atlantic Ave.
Ortonville MN 56278

Doug;

There seems to be some confusion over the return to work status that has been given you or at least some contradicting information from your Doctor and the independent evaluation that was done on your back condition. The intent of this letter is to make sure you understand that the Big Stone Co-op does not intend to bring you back into your position and no other position is available that we feel would better fit your abilities. Returning to Big Stone Co-op is NOT one of your options.

We hope that with the help CORVEL extends to you, other employment opportunities will work out. If not, the health insurance at Big Stone Co-op will continue for yourself for the three months ending on June 30, 2000. After that the COBRA plan will be avaliable to you.

Good Luck in your job search and we hope you find employment to suit your conditions.

Mel Domine, General Manager

Mel Domine

Big Stone Co-op

EXHIBIT
tabbies
A